Alan Harris (SBN 146079)
Min Ji Gal (SBN 311963)
HARRIS & RUBLE
655 North Central Avenue 17th Floor
Glendale California 91203
Tel: 323.962.3777
Fax: 323.962.3004
harrisa@harrisandruble.com
mgal@harrisandruble.com

Attorneys for Plaintiff G. Wilson

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. WILSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>     v.<br><br>WB STUDIO ENTERPRISES, INC., a Delaware Corporation; WARNER BROS. TELEVISION, an unknown business entity, and DOE 1 through and including DOE 10,<br><br>        Defendants. | Case No:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>  1.  Cal. Lab. Code § 203 Continuing Wages<br><br>  2.  Cal. Lab. Code §226(a), Wage Statements<br><br>  3.  Cal. Lab. Code § 226.7 and Wage Order, Failure to Provide Rest Breaks<br><br>  4.  Cal. Lab. Code §§ 1194 and 1198 Failure to Provide Pay Proper Minimum Wages<br><br>  5.  Cal. Lab. Code § 226(b), Payroll Records<br><br>  6.  Cal. Lab. Code § 1198.5, Payroll Records<br><br>  7.  Cal. Bus & Prof. Code §§ 17200 *et seq.* – Restitution<br><br>  8.  Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Greg Wilson ("Wilson" or "Plaintiff"), by and through his undersigned attorneys, alleges as follows:

## JURISDICTION AND VENUE

1.      This is a class and collective action seeking unpaid wages, damages, statutory penalties and attorneys' fees and costs.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b). Defendant constitutes an "enterprise" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203.  See 29 U.S.C. § 203(r) (defining "enterprise").  Defendant is engaged in interstate commerce, with annual sales in excess of $1,000,000 and with more than 1000 employees.  This Court has federal-question jurisdiction under 28 U.S.C. § 1331.  Furthermore, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiff's state-law claims.  This Court should exercise its jurisdiction pursuant to 28 U.S.C. § 1367.  See 28 U.S.C. § 1367(c) (explaining grounds on which courts may decline to exercise supplemental jurisdiction). Venue as to Defendants is proper in this judicial district.  Defendants maintain an office, transact business, have an agent, or are found in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of process.  The violations of the FLSA alleged herein had a direct effect on and were committed within the State of California, impacting Plaintiff and other similarly situated employees.

3.      Emergency Rule 9 as promulgated by the Judicial Council of California provides:  "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020."  The Advisory Committee Comment notes that:  "Emergency rule 9 is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action. The term "civil causes of action" includes special proceedings. (See Code Civ. Proc., §§ 312, 363 ["action," as used in title 2 of the code (Of the Time of Commencing Civil Actions), is construed "as including a special proceeding of a civil nature"). . . . The rule also applies to statutes of limitations on filing

of causes of action in court found in codes other than the Code of Civil Procedure."
Further, the pendency of a class action in California, <u>Divinity v. WB Studio Enterprises, Inc.</u>, Los Angeles Superior Court Case No. 20STCV37526 (filed September 30, 2020) tolls any applicable statutes of limitation implicated by the California state law claims herein."

## THE PARTIES

4.     Plaintiff Wilson is an individual, who, during the time periods relevant to this Complaint, was an employees of Defendant in the County of Los Angeles, State of California.  He has been a resident of this judicial district.

5.     WB Studio Enterprises, Inc. ("WB" or "Warner Bros.") is a Delaware Corporation, which at all times relevant herein, conducted business within the County of Los Angeles, State of California. Warner Bros. Television ("WBT") is an unknown business entity.

6.     Defendants Doe One through and including Doe Ten are sued herein under the provisions of section 474 of the California Code of Civil Procedure.  Plaintiff is unaware of the true names, identities or capacities, whether corporate, individual or otherwise, of said fictitiously named defendants, but leave of Court will be prayed to amend this pleading to insert the same herein when finally ascertained.  Plaintiff is informed, believes and thereupon alleges that each of the fictitiously named Defendants is an entity, which during the relevant time period maintained a place of business in the County of Los Angeles of the State of California.

7.     Defendants WB, WBT and Does One through and including Doe Ten are collectively referred to as the Defendant or Defendants.

8.     Plaintiff is informed and believes and thereon allege that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy

1   or enterprise, and with the express and/or implied permission, knowledge, consent

2   authorization and ratification of their co-defendants; however, each of these allegations

3   are deemed "alternative" theories whenever not doing so would result in a contradiction

4   with other allegations

5   **GENERAL ALLEGATIONS**

6        9.     Plaintiff worked for Defendants but was not been properly paid his wages.

7   For example, on or about Wednesday, November 11, 2020, Plaintiff worked for WBT on

8   a project known as "The Kominsky Method." After that stint, Plaintiff did not have a

9   return date to work for Defendants. His wages were due no later than on Thursday,

10   November 19, 2020. However, his wage statement was not prepared until on or after

11   December 10, 2020. Thereafter on December 11, 2020, Plaintiff again worked for

12   Defendants on a project known as "Lucifer." After that stint, Plaintiff did not have a

13   return date to work for Defendants. His wages were due no later than on Thursday,

14   December 17, 2020. However, his wage statement was not prepared until on or after

15   January 27, 2021. When Plaintiff ceased working for Defendants, he was not timely paid

16   all wages accrued. Biggs v. Wilson, 1 F.3d 1537 (1993). Moreover, Plaintiff was not

17   provided proper rest and meal periods as required.

18        10.     Here, the Defendants permitted Plaintiff to perform functions that are

19   normally part of their business of motion picture production. The Defendants had a duty

20   to ensure that Plaintiff was properly paid the wages that he had been promised, but they

21   failed to do so in timely fashion. Defendants failed to ensure that Plaintiff was timely paid

22   final wages.

23        11.     As is routine in the motion picture industry (which includes the production

24   of television commercials), after a short stint of work (even just a single day), Plaintiff

25   was discharged under Labor Code section 201.5, when his employment ceased. Smith v.

26   Superior Court, 39 Cal. 4th 77, 80 (2006) (holding that hair model who worked for one

27   day at a show was discharged at the end of the workday and entitled to penalties under

28   section 203 when she was paid two months later).

12.     It is "an employer's duty under the FLSA to maintain accurate records of its employees' hours" and that duty "is non-delegable." Kuebel v.  Black & Decker Inc., 643 F.3d 352, 363 (2d Cir. 2011).  Although Kuebel establishes that it is solely the employer's duty to keep track of hours worked under the federal FLSA, and although Plaintiff's wage-and-hour claims are brought under the state law, the fact remains that Defendant, at all times, was subject to the FLSA and therefore was itself required to keep track of Plaintiff's hours worked.  See Troester v. Starbucks Corp., 5 Cal. 5th 829, 839 (2018) (explaining that, although California's wage-and-hour laws are "more protective than federal law" and that "California is free to offer [employees] greater protection," the FLSA "provide[s] a level of employee protection that a state may not derogate"). Troester, 5 Cal. 5th at 846 ("Nor is it clear why, when it is difficult to keep track of time worked, the employee alone should bear the burden of that difficulty"), 848 ("An employer may be able to customize and adapt available time tracking tools or develop new ones when no off-the-shelf product meets its needs.  And even when neither a restructuring of work nor a technological fix is practical, it may be possible to reasonably estimate work time . . . and to compensate employees for that time.").  Marlo v. United Parcel Serv., Inc., No. CV 03-04336 DDP (RZx), 2009 WL 1258491, at *3 (C.D. Cal. May 5, 2009) explains that, under California law, "employers must keep track of the hours . . . employees work."

13.     Before an employee starts to work for an employer, the employer is required to have the employee fill out the requisite new-hire paperwork, including the W-4 and I-9, tasks which were here completed.  (GE 1-2)  See, e.g., Ketchikan Drywall Servs., Inc. v. Immigration & Customs Enforcement, 725 F.3d 1103, 1113 (9th Cir. 2013) (stating that 8 U.S.C. § 1324a "clearly makes employers responsible for documenting employee work authorization" and that, "[w]here [a defendant] cho[oses] to hire employees who ha[ve] failed to fill out [s]ection 1 [of I-9 Forms] completely, it d[oes] so at its own peril"); 26 C.F.R. § 31-3402(f)(2)-1 subsec. (a) (stating that a withholding-exemption certificate must be completed "[o]n or before the date on which an individual commences

employment"); 22 Cal. Code Regs. § 4340-1(a) stating that a withholding-exemption certificate must be completed "[o]n or before the date on which an individual commences employment").  If, for example, the employee fails to complete the necessary tax documents—which is what Defendant appears to contend, as set forth below—the employer must follow the guidance from the Internal Revenue Service and the California Employment Development Department by withholding taxes as if the employee is single with no withholding allowances.  *See* Internal Revenue Serv., *Topic Number 753 – Form W-4 – Employee's Withholding Allowance Certificate* (last updated Mar. 1, 2018), https://www.irs.gov/taxtopics/tc753.  There is an analogous cite from the California EDD (re defaulting to the single-no-allowances rule):  Cal. Emp't Dev. Dep't, *Employer's Obligations for Form W-4 or DE 4* (2016), https://www.edd.ca.gov/ pdf_pub_ ctr/ de71.pdf).

14.    In addition, Defendants failed to provide proper meal periods and rest breaks since crew were required to monitor their walkie-talkies all day they are entitled to premium wages for Defendants' failure to provide compliant rest breaks or meal periods. Aggrieved Employees the 203 Class have not been timely compensated in full for their services. Plaintiff and the 203 Class consistently worked more than 6-hour and/or 12-hour shifts.  However, they were required to keep their walkie talkies or radios on their persons, turned on and audible at all times, including their rest periods and meal breaks and/or they were precluded from leaving the set during their breaks.  Accordingly, they were denied their breaks and are entitled to an additional thirty minutes of wages for each faux meal break.  Augustus v. ABM Security Services, Inc., 2 Cal.5th 257 (2016).

15.    Defendants did not compensate Plaintiff or other crew members on its many motion picture productions as required by the Fair Labor Standards Act or sections 201.3 and/or 201.5 of the California Labor Code.

16.    Defendants failed to fully compensate Plaintiff and other nonexempt workers who performed services on the Production or other such projects produced in California for Defendants ("Aggrieved Employees") for work performed.  Plaintiff and the

Aggrieved Employees worked on the Production as well as on other California motion picture projects, toiling more than eight hours in a single day and over forty hours in a work week, yet not being paid timely or with appropriate wage statements, all due to Defendant's insufficient funding of the payroll accounting function and desire to make such payments from funds received for each project from clients rather than from working capital.

17.     At all relevant times mentioned herein, Wage Order 12 (Motion Picture Industry) of the California Industrial Welfare Commission applied to Plaintiff and Collective Action Members.  In part, the Wage Order reflects employer obligations regarding hours and days of work, reporting time pay, records, meal periods and rest periods (obligations which the employer, here, failed to fulfill, both with respect to Plaintiff and Collective Action Members).  The Wage Order provides, in relevant part:

**3. Hours and Days of Work.**

(A) Daily Overtime-General Provisions

(1) The following overtime provisions are applicable to employees eighteen (18) years of age or over and to employees sixteen (16) or seventeen (17) years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than forty (40) hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over forty (40) hours in the workweek Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime as follows:

(a) Employees may be employed up to a maximum of sixteen (16) hours including meal periods in any one day from the time they are required and do report until dismissed, provided the employee is compensated for such overtime at not less than:

(1) For daily employees and weekly employees, excluding weekly employees guaranteed more than forty (40) hours a workweek and "on call"

employees, one and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any one workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(2) Double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday, , and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(3) Overtime payments shall not be compounded and all payments made by the employer for daily overtime on the basis herein above specified shall be applied toward any sum for weekly overtime.

(4) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary.

. . .

## 7. **Records.**

(A) Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number.

(2) Birth date, if under 18 years, and designation as a minor.

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

(C) All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request.

. . .

## 11. Meal Periods.

(A) No employer shall employ any person for a work period of more than six (6) hours without a meal period of not less than thirty (30) minutes, nor more than one (1) hour. Subsequent meal period for all employees shall be called not later than six (6) hours after the termination of the preceding meal period.

(B) Unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

(D) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

## 12. Rest Periods.

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

(C) Swimmers, dancers, skaters, and other performers engaged in strenuous physical activities shall have additional interim rest periods during periods of actual rehearsal or shooting.

Cal. Code of Regs., tit. 8, § 11120 ("Wage Order").

18.     At all times relevant herein, section 201.5 of the California Labor Code (the "Code") provided in part:

(a) For purposes of this section, the following definitions apply:
(1) "An employee engaged in the production or broadcasting of motion pictures" means an employee to whom both of the following apply:
(A) The employee's job duties relate to or support the production or broadcasting of motion pictures or the facilities or equipment used in the production or broadcasting of motion pictures.
(B) The employee is hired for a period of limited duration to render services relating to or supporting a particular motion picture production or broadcasting project, or is hired on the basis of one or more daily or weekly calls.
(2) "Daily or weekly call" means an employment that, by its terms, will expire at the conclusion of one day or one week, unless renewed.
(3) "Next regular payday" means the day designated by the employer, pursuant to Section 204, for payment of wages earned during the payroll period in which the termination occurs.
(4) "Production or broadcasting of motion pictures" means the development, creation, presentation, or broadcasting of theatrical or televised motion pictures, television programs, commercial advertisements, music videos, or

any other moving images, including, but not limited to, productions made for entertainment, commercial, religious, or educational purposes, whether these productions are presented by means of film, tape, live broadcast, cable, satellite transmission, Web cast, or any other technology that is now in use or may be adopted in the future.

(b) An employee engaged in the production or broadcasting of motion pictures whose employment terminates is entitled to receive payment of the wages earned and unpaid at the time of the termination by the next regular payday.

(c) The payment of wages to employees covered by this section may be mailed to the employee or made available to the employee at a location specified by the employer in the county where the employee was hired or performed labor. The payment shall be deemed to have been made on the date that the employee's wages are mailed to the employee or made available to the employee at the location specified by the employer, whichever is earlier.

(d) For purposes of this section, an employment terminates when the employment relationship ends, whether by discharge, lay off, resignation, completion of employment for a specified term, or otherwise.

(e) Nothing in this section prohibits the parties to a valid collective bargaining agreement from establishing alternative provisions for final payment of wages to employees covered by this section if those provisions do not exceed the time limitation established in Section 204.

Code § 201.5.

19.     Defendants employed individuals such as Plaintiff and similarly situated Class and Collective Action Members to work on the production on motion pictures, yet Defendants failed to timely or fully pay them, all in violation, inter alia, of Code sections 201.3 and 201.5.

20.     At all relevant times mentioned herein, section 203 of the Code provided:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commenced; but the wages shall not continue for more than 30 days.

Code § 203. By failing to pay Plaintiff and similarly situated Collective Action Members all wages when due at termination, Plaintiff and Collective Action Members are entitled

to continuing wages pursuant to section 203 of the California Labor Code.

21.    At all times relevant herein, section 204 of the California Labor Code provided in part:

> All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.

22.    In no event should Plaintiff or Collective Action Members have been paid later than the time periods established by sections 201.3, 201.5 or 204 of the California Labor Code, but certain payments were not made in a timely fashion, all leading to penalties under sections 203 and 204 of the California Labor Code.

23.    At all times relevant herein, section 210 of the California Labor Code provided:

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Cal. Lab. Code § 210. Further, the Defendants' policy has been to devote insufficient resources to the payroll accounting function, with the inevitable result that employees are routinely paid in tardy fashion, in violation of sections 203 and 204 of the Code, and otherwise in violation of the Code.

24.    Labor Code sections 226.7, 512 and Section 12 of the Wage Order require

an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Section 12 requires that "No employer shall employ any person for a work period of more than six (6) hours without a meal period of not less than thirty (30) minutes, nor more than one (1) hour. Subsequent meal period for all employees shall be called not later than six (6) hours after the termination of the preceding meal period."

25.    Here, Defendants failed to apprise all Collective Action Members of their rights associated with meal periods and failed to provide timely meal periods. Defendants have had a consistent policy of: (1) requiring all similarly situated employees to take late meal breaks that occurred after the first 6 hours of each shift (often calling a "grace" period under certain CBA's, which grace does not and cannot be applied to non-union workers.; (2) requiring similarly situated employees to work shifts over 12 hours without providing a second meal period of 30 minutes in length; and (3) failing to pay such employees 1 hour of pay at the employees regular rate of compensation for each workday in which a proper meal break was not provided. At all relevant times mentioned herein, section 226.7 of the California Labor Code provided:

> (a)  As used in this section, "recovery period" means a cooldown period afforded an employee to prevent heat illness.
> (b)  An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.
> (c)  If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

Cal. Lab. Code § 226.7.

26.    At all relevant times mentioned herein, section 510(a) of the California

Labor Code provided:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

Cal. Lab. Code § 510.

27.    Plaintiff and certain Collective Action Members were not timely paid proper overtime wages to which they were entitled in violation of the FLSA Code §§ 510, 515 and 1194.  Both late payment and nonpayment of overtime wages for all hours worked violates the overtime wage statute.  Defendants are also subject to the civil penalties for which provision is made in Code § 558 by failing to pay Collective Action Members their overtime wages.

28.    At all relevant times mentioned herein, section 1194 of the Code provided:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Code § 1194.

29.    At all relevant times mentioned herein, section 2802 of the California Labor Code provided in part:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or duties . . . .
> (b) All awards made by a court . . . for reimbursement of necessary

expenditures under this section shall carry interest at the same rate as judgments in civil actions.  Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.

(c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing rights granted by this section.

Cal. Lab. Code § 2802. Defendants failed to reimburse Plaintiff and Collective Action Members similarly situated employees for necessary business expenses incurred in the performance of their duties, such as for the use of a personal cell phone and for motion picture production equipment and supplies.

30.     At all relevant times mentioned herein, section 558 of the California Labor Code provided:

Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (3) Wages recovered pursuant to this section shall be paid to the affected employee.

Cal. Lab. Code § 558.  Defendants are the employers or other persons acting on behalf of an employer who violated, or caused to be violated the relevant sections of the California Labor Code referenced herein.

31.     At all relevant times mentioned herein, section 558.1 of the California Labor Code provided:

(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated,  any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or

managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

(c) Nothing in this section shall be construed to limit the definition of employer under existing law.

Cal. Lab. Code § 558.1. Defendants are the joint employers or other persons acting on behalf of an employer who violated, or caused to be violated the relevant sections of the Code referenced herein. Defendants directly and/or indirectly controlled the Plaintiff and Collective Action Members' wages, working conditions and hours. Defendants' personnel were on the set of the Production and actively participated in the Production.

## COLLECTIVE-ACTION ALLEGATIONS

32.    Plaintiff seeks to represent all nonexempt employees who worked for Defendant WB during the period beginning no earlier than three years prior to the filing hereof to the mailing of the FLSA Opt-In Notice (such persons are referred to hereafter as "Collective Action Members.").

33.    Plaintiff is similarly situated to the Collective Action Members in that Plaintiff and the Collective Action Members were employed by Defendant and in that Defendant did not pay Plaintiff and the Collective Action Members their overtime and/or minimum wages when due. Plaintiff's consent to an FLSA collective action is attached hereto as **Exhibit 1.**

34.    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

35.    All Collective Action Members should be given notice and be allowed to given their consent in writing to participate in—in other words, to opt into—the collective action pursuant to 29 U.S.C. § 216(b).

36.    This action has been brought and may be properly maintained as a Collective Action under the provisions of the FLSA because there is a well-defined community of interest in the litigation and the identity of the members of the proposed Collective Action group is easily ascertainable.

37.     Defendants, as to Plaintiff and Collective Action Members, failed to comply with the FLSA and, accordingly, Defendants' failure to make timely payment entitles Plaintiff and each Collective Action Member to statutory damages and/or liquidated damages.

## CLASS-ACTION ALLEGATIONS

38.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a "17200 Class" composed of and defined as follows:

> For the period four years and 180 days prior to the filling of this Complaint to date, all persons paid wages on account of services provided for Defendants in the production of Motion Pictures[1] (such persons are referred to hereafter as 17200 Class Members, and such period is referred to hereafter as the Class Period).

Plaintiff seeks to represent a "226 Class" composed of and defined as follows:

> For the period one year prior to the filling of this Complaint to date, all persons paid wages on account of services provided for Defendants in the production of Motion Pictures (such persons are referred to hereafter as 226 Class Members, and such period is referred to hereafter as the Class Period).

Plaintiff seeks to represent a "Code Class" composed of and defined as follows:

> For the period three years and 180 days prior to the filling of this Complaint to date, all persons who were not provided proper meal breaks by Defendants in the production of Motion Pictures (such persons are referred to hereafter as Meal Break Class Members, and such period is referred to hereafter as the Class Period).

### A. Numerosity

39.     The potential members of each Class as defined are so numerous that joinder of all the members of either Class is impracticable. The number of Class Members is great, but not so great as to make the class unmanageable.  It, therefore, is impractical to join each Class Member as a named plaintiff.  Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

40.     Despite the size of the proposed Classes, the Class Members are readily ascertainable through an examination of the records that Defendants are required by law to keep.  Likewise, the dollar amount owed to each Class Member is readily ascertainable

---

[1] See Cal. Lab. Code § 201.5 defining Motion Pictures.

by an examination of those same records.  For example, with respect to Defendant's violations of section 226(a)(8) of the California Labor Code, the damages owing to each Class Member equals the sum of $50 (for the initial wage statement issued to the employee during the period commencing one year prior to the filing of the Complaint) and the product of the number of further wage statements issued to the employee and $100, with a per employee cap of $4,000.  With respect to Wilson's pay stub dated January 27, 2021, he was not provided with the legal name and address of the employer but, rather, the name "Warner Bros. Television," an unknown business entity (identified only as the "Controlling Employer") and the name B-T-L Payroll (identified only as the "Payroll Employer").

**Commonality**

41.    There are questions of law and fact common to each Class that predominate over any questions affecting only individual Class Members.

42.    These common questions of law and fact include, without limitation:

  a.    Whether Defendants failed to pay all wages in a timely fashion in violation of sections 201.3, 201.5, 203 and/or 204 of the Code.

  b.    Whether Defendants' failure to provide accurate itemized wage statements to each and every employee violates section 226(a).

  c.    Whether Defendants untimely and/or nonpayment of wages give rise to liquidated damages for failure to pay minimum wages under section 1194.2.

  d.    Whether Defendants' failure to provide meal breaks to each employee violates section 226.7 and 512.

  e.    Whether Defendants' failure to provide rest breaks to each employee violates section 226.7.

**Typicality**

43.    There is a well-defined community of interest in the questions of law and fact common to the Class Members.

44.    The claims of the named Plaintiff are typical of the claims of each Class,

which claims all arise from the same general operative facts, namely, Defendants did not compensate its employees as required by the Code and applicable Wage Order.  Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.  Plaintiff has no conflict of interest with the other Class Members and are able to represent the Class Members' interests fairly and adequately.

**Adequacy of Representation**

45.    Plaintiff will fairly and adequately represent and protect the interests of the members of each Class. Counsel who represents Plaintiff is sufficiently competent and experienced in litigation of large employment class actions, both in state and federal courts.  Neither Plaintiff nor his counsel have any conflict with either Class.

**Superiority of Class Action**

46.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to pay hourly wages, failing to pay overtime wages, failing to provide Class Members rest and meal periods without legal compensation.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be construed in the management of this action that would preclude its maintenance as a class action.  The disposition of all claims of the members of the Class in a class action, rather than in individual actions, benefits the parties and the Court.  The interest of the Class Members in controlling the prosecution of separate claims against Defendants is small when compared with the efficiency of a class action.

**FIRST CAUSE OF ACTION**
(Continuing Wages, California Labor Code §§ 201.3, 201.5, 203
On Behalf of Plaintiff and Code Class Against All Defendants)

47.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

48.     Defendants employed Plaintiff and Code Class Action Members. Plaintiff and Code Class Members were not paid all wages accrued upon separation from employment.

49.     Defendants' failure to compensate Plaintiff and Code Class Members within the time for which provision is made by section 201.5 of the California Labor Code, despite their knowledge of their obligation to do so, was and is "willful" as the word is used in section 203.

50.     Pursuant to section 203 of the California Labor code, Plaintiff and Code Class Members are entitled to continuing wages from Defendants in an amount according to proof.  Plaintiff and Code Class Members are also entitled to recover costs and reasonable attorneys' fees under section 218.5 of the California Labor Code.

**SECOND CAUSE OF ACTION**
(Failure to Provide Compliant Pay Stubs, Cal. Lab. Code § 226(a)
On Behalf of Plaintiff and 226 Class Members Against Defendants)

51.     Plaintiff incorporates by reference each and every allegation set forth in this Complaint as though fully set forth herein.

52.     Defendants failed to provide Plaintiff and 226 Class Members with wage statements conforming to the requirements of section 226(a) of the Code.

53.     The foregoing was intentional misconduct of Defendants that injured Plaintiff and 226 Class Members insofar as they were deprived of information to which they were legally entitled, including but not limited to the name and address of the legal entity that is the employer, and all applicable rates of pay.

54.     The failure of Defendants to provide compliant wage statements violates section 226(a) of the Code.  The failure caused them injury by depriving them of

information to which they are legally entitled.  Accordingly, Plaintiff and 226 Class Members are entitled to damages in an amount according to proof and costs and reasonable attorney's fees in accordance with the provisions of Code section 226(e), all in a sum according to proof.  Plaintiff is entitled to an amount according to proof of at least $50, not including  interest thereon, reasonable attorneys' fees and cost of suit.

**THIRD CAUSE OF ACTION**
(Failure to Provide Rest Breaks, Cal. Lab. Code § 226.7 and IWC Wage Order )
On Behalf of Plaintiff and 17200 Class Against Defendants)

55.    Plaintiff incorporates by reference each and every allegation set forth in this Complaint as though fully set forth herein.

56.    At all times herein relevant, sections 226.7 of the California Labor Code and IWC Wage Order 12 provided that employees must receive rest periods of  at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

57.    By its failure to provide required breaks to Plaintiff and 17200 Class Members, Defendants willfully violated the provisions of Labor Code sections 226.7 and IWC Wage Order 1.

58.    Plaintiff and 17200 Class Members were not permitted to leave the set of the Production for any purported rest periods. They were required to be available via radio or cell phone at all times.

59.    Because Defendants failed to properly provide the proper rest breaks, it is liable to Plaintiff and 17200 Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest breaks were not provided, pursuant to Labor Code section 226.7 and IWC Wage Order.

60.    As a result of the unlawful acts of Defendants, Plaintiff and 17200 Class Members have been deprived of premium wages, and/or other compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, fees, and costs.

### FOURTH CAUSE OF ACTION
(Damages for Unpaid Minimum Wages,
California Labor Code §§ 1194, 1194.2 and 1198
On Behalf of Plaintiff and Code Class Members Against All Defendants)

61.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

62.    Plaintiff and the Code Class Members, worked many hours for Defendants, without compensation for work performed, as required by law. Both late payment and non-payment of minimum wages violate the state statute requiring the payment of a minimum hourly wage.

63.    Plaintiff and Code Class Members are entitled to recover liquidated damages under section 1194.2 of the California Labor Code in an amount according to proof. Plaintiff and Code Class Members are also entitled to recover costs and reasonable attorneys' fees under section 1194 of the California Labor Code.

### FIFTH CAUSE OF ACTION
(Failure to Provide Employment Records Upon Request Cal. Lab. Code § 226(b)
On Behalf of Plaintiff and Against All Defendants)

64.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

65.    Pursuant to Labor Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

66.    Plaintiff has requested that Defendants permit inspection or copying of Plaintiff's employment records pursuant to Labor Code section 226(b).  Defendants failed to provide Plaintiff employment records within 21 days of the requests.

67.    Pursuant to Labor Code Section 226(b) and (f), Plaintiff is entitled, and hereby seek to recover from Defendants a seven-hundred-fifty dollar ($750) penalty, reasonable attorney's fees, and the costs of bringing this cause of action.

## SIXTH CAUSE OF ACTION
(Failure to Provide Employment Records Upon Request Cal. Lab. Code § 1198.5
On Behalf of Plaintiff and Against All Defendants)

68.     Plaintiff realleges and incorporates herein by reference the allegations
contained in this Complaint as though fully set forth herein.

69.     Pursuant to Labor Code section 1198.5, an employer shall make the contents
of an employee's personnel records available for inspection.

70.     Plaintiff requested that Defendants permit inspection or copying of the
personnel records pursuant to Labor Code section 1198.5.  Defendants have failed to
provide Plaintiff with an opportunity to inspect or copy the employment records within
30 days of the request.

71.     Pursuant to Labor Code Section 1198.5(k), Plaintiff is entitled, and hereby
seeks to recover from Defendants a seven-hundred-fifty dollar ($750) penalty, reasonable
attorney's fees, and the costs of bringing this cause of action.

## SEVENTH CAUSE OF ACTION
(Unfair Business Practices Business and Professions Code section 17200 *et seq.*
On Behalf of Plaintiff and 17200 Class Against Defendants)

72.     Plaintiff realleges and incorporates herein by reference the allegations
contained in this Complaint as though fully set forth herein.

73.     Business and Professions Code section 17200 *et seq.* prohibits acts of unfair
competition, including any "unlawful, unfair, or fraudulent business act or practice."  Cal.
Bus. & Prof. Code § 17200 *et seq*.  Plaintiff alleges that Defendants engaged in unfair
business practices in California by the above-described failure to timely pay all wages
due including overtime wages.

74.     Defendants' violation of California wage and hour laws as herein articulated
constitutes a business practice because Defendants' aforementioned acts and omissions
were done repeatedly over a significant period of time, and in a systematic manner, to the
detriment of Plaintiff and 17200 Class Members.

75.     As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during the relevant time period herein at the expense of Plaintiff and the Collective Action Members and members of the public. Defendants should be made to disgorge its ill-gotten gains and to restore them to Plaintiff and 17200 Class Members.

76.     The actions of Defendants entitle Plaintiff to seek the remedies available under section 17200 *et seq.*  Plaintiff seeks full restitution of said amounts from Defendants, as necessary and according to proof, to restore any and all amounts— including interest—withheld, acquired, or converted by Defendants by means of the unfair practices complained of herein.  Plaintiff, on behalf of himself, as well as on behalf of the general public, further seeks attorney's fees and costs pursuant to sections 218.5 of the Labor Code and 1021.5 of the Code of Civil Procedure.  In addition, Plaintiff seeks the appointment of a receiver as necessary.

## EIGHTH CAUSE OF ACTION
(Fair Labor Standards Act On Behalf of Plaintiff and Collective
Action Members Against All Defendants)

77.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

78.     Plaintiff is informed and believes, and on that basis allege, that Defendants are employers engaged in an enterprise in interstate commerce pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

79.     Plaintiff was not timely paid his wages. Plaintiff and Collective Action Members worked many hours each day during their employment as herein alleged.

80.     Under the FLSA, Plaintiff and Collective Action Members are entitled to recover from Defendants their liquidated damages for hours worked, as well as costs and attorney's fees.

81.     Defendants failed to compensate Plaintiff and Collective Action Members as required by the FLSA.

82.     Defendants' violations were willful and intentional.

83.     Plaintiff and Collective Action Members are entitled to damages for unpaid wages and/or the associated liquidated damages in an amount to be proven at trial.

84.     Plaintiff  brings this claim on a collective-action basis pursuant to the FLSA. The FLSA permits an employee to bring an action for unpaid wages on "behalf of himself . . . and other employees similarly situated," so long as all similarly situated employees "give[] [their] consent in writing to become . . . a party."  29 U.S.C. § 216(b). On information and belief, none were timely paid all wages as required by sections 201, 202, 203 or 204 of the California Labor Code

**WHEREFORE**, Plaintiff prays judgment as follows:

1.     That the Court certify a Class and Collective Action.

2.     That, under the First Cause of Action, it be adjudged that the failure of Defendants to make payment of Plaintiff's and Code Class Members' wages was in violation of section 201.3, and 201.5 of the California Labor Code, and was "willful" as that word is used in section 203 of the California Labor Code, and that the Court enter judgment against Defendants in favor of Plaintiff and Code Class Members. That judgment be entered in favor of Plaintiff and Code Class Members in an amount prescribed by section 203 of the California Labor Code, and costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 218.5.

3.     That, under the Second Cause of Action, this Court enter judgment in favor of Plaintiff and 226 Class Members and award them their damages, penalties, and costs of suit, all according to proof pursuant to section 218.5 and other relevant sections of the Labor Code.

4.     That, under the Third Cause of Action, this Court enter judgment in favor of Plaintiff and 17200 Class Members and award them their damages, penalties, and costs of suit, all according to proof, pursuant to section 218.5 and other relevant sections of the Labor Code.

5.     That, under the Fourth Cause of Action, this Court enter judgment in favor

of Plaintiff and Code Class Members in the amount of unpaid overtime wages according to proof, including interest thereon, reasonable attorneys' fees and cost of suit, and enter judgment against Defendants in the amount of damages according to proof, interest thereon, reasonable attorneys' fees and cost of suit, pursuant to section 218.5, 1194, 1194.2 and other relevant sections of the Labor Code.

6.     That, under the Fifth Cause of Action, this Court enter judgment in favor of Plaintiff and award them their $750, damages, penalties, liquidated damages, reasonable attorney's fees and costs of suit, all according to proof, all under Labor Code Section 226(b) and (f).

7.     That, with respect to the Sixth Cause of Action this Court enter judgment in favor of Plaintiff against Defendants for $750 or in an amount according to proof, interest thereon, costs and reasonable attorney's fees pursuant to Labor Code Section 1198.5(k).

8.     That, with respect to the Seventh Cause of Action, this Court enter judgment in favor of Plaintiff and 17200 Class Members against all Defendants in an amount according to proof, interest thereon, costs and reasonable attorney's fees in accordance with law.

9.     That, with respect to Eighth Cause of Action, this Court enter judgment in favor of Plaintiff and Collective Action Members against all Defendants in an amount according to proof, interest thereon, costs and reasonable attorney's fees in accordance with the Fair Labor Standards Act.

10.     For such further relief as the Court may order, including attorney's fees, costs, and interest pursuant to Labor Code sections 218.5 and 218.6, and Code of Civil Procedure section 1021.5, in an amount according to proof.

DATED:  December 13, 2021          HARRIS & RUBLE

Alan Harris
*Attorney for Plaintiff*

**INDEX OF EXHIBITS**

**Exhibit 1** – Plaintiff's FLSA Opt-In