SETH E. PIERCE (SBN 186576)
  sep@msk.com
STEPHEN A. ROSSI (SBN 282205)
  sar@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2040 Century Park East, 18th Floor
Los Angeles, CA  90067
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
WB STUDIO ENTERPRISES INC. and
WARNER BROS. TELEVISION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG WILSON, individually and on behalf of all others similarly situated, | CASE NO. 2:21-cv-09632-MEMF-KKx |
| Plaintiff, | Assigned To The Hon. Maame Ewusi-Mensah Frimpong |
| v. | **DEFENDANT WB STUDIO ENTERPRISES INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT** |
| WB STUDIO ENTERPRISES INC., a Delaware Corporation; WARNER BROS. TELEVISION, an unknown business entity, and DOE 1 through and including DOE 10, | Hearing Date: June 2, 2022 Time: 10:00 a.m. Location: Courtroom 8b |
| Defendants. | File Date:  December 13, 2021 Trial Date: Not Set |
| | *[Declaration of Stephen A. Rossi, Declaration of Gina Hendrick, Request for Judicial Notice, and [Proposed] Order filed concurrently]* |

Mitchell
Silberberg &
Knupp LLP

14038343.9

**TO THE COURT AND ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on June 2, 2022, in the courtroom of the Honorable Frimpong of the United States District Court for the Central District of California, located at the First Street Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, at 10:00 a.m., or as soon thereafter as the matter may be heard, Defendant WB Studio Enterprises Inc. ("Defendant") shall and hereby does move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing with prejudice the following claims in the Complaint of Plaintiff Greg Wilson ("Plaintiff").  Defendant also moves to strike portions of the Complaint under Federal Rule of Civil Procedure 12(f).

This Motion is made on the following grounds:

1.  Plaintiff's Second Cause of Action for Failure to Provide Accurate Itemized Statements in Violation of California Labor Code § 226 fails to allege facts sufficient to state a claim upon which relief can be granted.

2.  Plaintiff's Third Cause of Action for Failure to Provide Required Rest Periods in Violation of California Labor Code § 226.7 and the applicable IWC Wage Order fails to allege facts sufficient to state a claim upon which relief can be granted.

3.  Plaintiff's Fourth Cause of Action for Failure to Pay Minimum Wages in Violation of California Labor Code §§ 1194, 1194.2, and 1198 fails to allege facts sufficient to state a claim upon which relief can be granted.

4.  Plaintiff's Seventh Cause of Action for Unfair Competition in Violation of California Business and Professions Code § 17200, *et seq*. fails to state a claim upon which relief can be granted.

Defendant also requests that the Court strike the following portions of Plaintiff's Complaint as impertinent and immaterial:

1. **Paragraph 9, page 4, Line 17**: "and meal"

2. **Paragraph 14, page 6, Lines 13, 15, 19, 22**: all references to "meal periods," "meal breaks" and "faux meal break"

3. **Paragraph 17, page 7, Line 10**: "meal periods and"

4. **Paragraph 17, page 9, Lines 12-27**: "11. Meal Periods. (A) No employer shall employ any person for a work period of more than six (6) hours without a meal period of not less than thirty (30) minutes, nor more than one (1) hour.  Subsequent meal period for all employees shall be called not later than six (6) hours after the termination of the preceding meal period.  (B) Unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time.  (C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided. (D) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated."

5. **Paragraph 24, pages 12-13, Lines 28-5**: "Labor Code sections 226.7, 512 and Section 12 of the Wage Order require an employer to pay an

Mitchell
Silberberg &
Knupp LLP

14038343.9

3
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF
PLAINTIFF'S COMPLAINT**

1  additional hour of compensation for each meal period the employer

2  fails to provide.  Section 12 requires that "No employer shall employ

3  any person for a work period of more than six (6) hours without a meal

4  period of not less than thirty (30) minutes, nor more than one (1) hour.

5  Subsequent meal period for all employees shall be called not later than

6  six (6) hours after the termination of the preceding meal period."

7  6. **Paragraph 25, page 13, Lines 6-27**: "Here, Defendants failed to

8  apprise all Collective Action Members of their rights associated with

9  meal periods and failed to provide timely meal periods.  Defendants

10  have had a consistent policy of: (1) requiring all similarly situated

11  employees to take late meal breaks that occurred after the first 6 hours

12  of each shift (often calling a "grace" period under certain CBA's,

13  which grace does not and cannot be applied to non-union workers.; (2)

14  requiring similarly situated employees to work shifts over 12 hours

15  without providing a second meal period of 30 minutes in length; and

16  (3) failing to pay such employees 1 hour of pay at the employees

17  regular rate of compensation for each workday in which a proper meal

18  break was not provided.  At all relevant times mentioned herein, section

19  226.7 of the California Labor Code provided: (a) As used in this

20  section, "recovery period" means a cooldown period afforded an

21  employee to prevent heat illness.  (b) An employer shall not require an

22  employee to work during a meal or rest or recovery period mandated

23  pursuant to an applicable statute, or applicable regulation, standard, or

24  order of the Industrial Welfare Commission, the Occupational Safety

25  and Health Standards Board, or the Division of Occupational Safety

26  and Health.  (c) If an employer fails to provide an employee a meal or

27  rest or recovery period in accordance with a state law, including, but

28

Mitchell
Silberberg &
Knupp LLP
14038343.9

4
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.  Cal. Lab. Code § 226.7."

7. **Paragraph 38, page 17, Lines 15-18**: "Plaintiff seeks to represent a "Code Class" composed of and defined as follows: For the period three years and 180 days prior to the filling of this Complaint to date, all persons who were not provided proper meal breaks by Defendants in the production of Motion Pictures (such persons are referred to hereafter as Meal Break Class Members, and such period is referred to hereafter as the Class Period)."

8. **Paragraph 42, page 18, Lines 21-22**: "Whether Defendants' failure to provide meal breaks to each employee violates section 226.7 and 512."

9. **Paragraph 46, page 19, Line 19**: "and meal"

This Motion is and will be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Stephen A. Rossi, Declaration of Gina Hendrick, and Request for Judicial Notice, the pleadings and orders in the Court's files for this case, any other matters on which the Court may or must take judicial notice, any reply that is filed in support of this Motion, any argument presented at the hearing on this Motion, and any other matters the Court deems proper.

/ / /

/ / /

/ / /

Mitchell
Silberberg &
Knupp LLP

14038343.9

5

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF
PLAINTIFF'S COMPLAINT**

1          This Motion is made following the conference of counsel pursuant to Civil

2    Local Rule 7-3, that took place on March 3 and 9, 2022 and April 6, 2022.

3

4    DATED:  April 15, 2022         MITCHELL SILBERBERG & KNUPP LLP
                                          SETH E. PIERCE

5                                         STEPHEN A. ROSSI

6

7                          By: _____

8                                Stephen A. Rossi
                                 Attorneys for Defendant
                                 WB STUDIO ENTERPRISES INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF
PLAINTIFF'S COMPLAINT**

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION .................................................................................13

II.     KEY ALLEGATIONS .........................................................................14

      A.      Plaintiff's Employment/Proposed Classes ...............................14

      B.      Plaintiff's Claims ......................................................................15

III.    STANDARD OF REVIEW...................................................................16

      A.      Motion to Dismiss Under Federal Rule of Civil Procedure
            12(b)(6). ......................................................................................16

      B.      Motion to Strike Under Federal Rule of Civil Procedure 12(f)...........17

IV.     ARGUMENT .......................................................................................18

      A.      Plaintiff's Wage Statement Claim Fails To State A Claim (Second
            Cause Of Action)........................................................................18

            1.      Plaintiff Was Not Injured and Lacks Standing.........................18

            2.      The Paystub Complies With Section 226's Requirement ........20

            3.      The Information Is Readily Ascertainable ................................23

            4.      Defendant's Good Faith Argument Defeats This Claim ..........23

      B.      Plaintiff's Rest Break Claim Fails To State A Claim (Third Cause
            Of Action)...................................................................................24

      C.      Plaintiff's Minimum Wage Claim Fails To State A Claim (Fourth
            Cause Of Action)........................................................................28

      D.      Plaintiff's Claim For Restitution Under Unfair Business Practices
            Business And Professions Code Section 17200 Fails To State A
            Claim (Seventh Cause Of Action) .............................................29

      E.      Plaintiff's References To Meal Periods Should Be Stricken..............30

V.      CONCLUSION ...................................................................................30

Mitchell
Silberberg &
Knupp LLP

14038343.9

7

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Allchin v. Volume Servs., Inc.*,
  No. 3:16-00488, 2017 WL 3337141 (S.D. Cal. Aug. 4, 2017) .........................21

*Allis–Chalmers Corp. v. Lueck*,
  471 U.S. 202 (1985) ................................................................................. 16

*Amaral v. Cintas Corp. No. 2*,
  163 Cal. App. 4th 1157 (2008)...............................................................23

*Angelotti v. The Walt Disney Co.*,
  192 Cal. App. 4th 1394 (2011)...............................................................19

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ...............................................................15, 24, 28

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................ 16

*Augustus v. ABM Sec. Servs., Inc.*,
  2 Cal. 5th 257 (2016)........................................................................25, 26

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1988) .................................................................. 15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................15, 21, 28

*Bowen v. Target Corp.*,
  No. 162587, 2020 WL 1931278 (C.D. Cal. Jan. 24, 2020)...............................25

*Boyack v. Regis Corp.*,
  812 F. App'x 428 (9th Cir. 2020)..........................................................24

*Cole v. CRST, Inc.*,
  No. 081570, 2017 WL 1234215 (C.D. Cal. Mar. 30, 2017) .............................26

*de Dios v. Gerard Roof Prod., LLC*,
  No. 1163, 2018 WL 6016952 (C.D. Cal. Sept. 4, 2018)...................................23

Mitchell Silberberg & Knupp LLP

14038343.9

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

1

**TABLE OF AUTHORITIES**
(continued)

2

3

**Page(s)**

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993) ....................................................... 16, 29

*Flowers v. First Hawaiian Bank*,
    295 F.3d 966 (9th Cir. 2002) ............................................................... 16

*Freeman v. Zillow, Inc.*,
    No. 14-01843, 2015 WL 5179511 (C.D. Cal. Mar. 19, 2015) .......................... 27

*Guerrero v. Halliburton Energy Servs., Inc.*,
    231 F. Supp. 3d 797 (E.D. Cal. 2017) ................................................... 24

*Harris v. Cty. of Orange*,
    682 F.3d 1126 (9th Cir. 2012) ........................................................... 20

*Hollingsworth v. Perry*,
    570 U.S. 693 (2013) ...................................................................... 18

*Johnson v. Winco Foods, LLC*,
    No. 172288, 2018 WL 6017012 (C.D. Cal. Apr. 2, 2018) ............................... 24

*Landers v. Quality Commc'ns, Inc.*,
    771 F.3d 638 (9th Cir. 2014) ...................................................23, 24, 27

*Lewis v. Casey*,
    518 U.S. 343 (1996) .................................................................. 18, 29

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ...................................................................... 18

*Lyons v. Bank of Am., NA*,
    No. 11-1232, 2011 WL 6303390 (N.D. Cal. Dec. 16, 2011) ............................ 16

*Magadia v. Wal-Mart Assocs., Inc.*,
    384 F. Supp. 3d 1058 (N.D. Cal. 2019) ................................................. 22

*Mattei v. Corp. Mgmt. Sols., Inc.*,
    52 Cal. App. 5th 116 (2020) ............................................................. 19

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

14038343.9

9

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Mays v. Wal-Mart* Stores*, Inc.,*
    804 F. App'x 641 (9th Cir. 2020)...................................................................18

*Metcalf v. Yusen Logistics (Americas), Inc.,*
    No. 21-5912, 2021 WL 3882959 (C.D. Cal. Aug. 30, 2021)...........................28

*Mish v. TForce Freight, Inc.,*
    No. 21-04094, 2021 WL 4592124 (N.D. Cal. Oct. 6, 2021)......................28, 29

*Morgan v. United Retail Inc.,*
    186 Cal. App. 4th 1136 (2010)......................................................................20

*Noori v. Countrywide Payroll & HR Sols., Inc.,*
    43 Cal. App. 5th 957 (2019)..........................................................................21

*Parrish v. Okonite Co., Inc.,*
    No. 20-9000, 2021 WL 5605202 (C.D. Cal. Nov. 1, 2021)............................25

*Pence v. Andrus,*
    586 F.2d 733 (9th Cir. 1978)....................................................................18, 29

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.,*
    442 F.3d 750 (9th Cir. 2006).........................................................................20

*Rodriguez v. Old Dominion Freight Line, Inc.,*
    No. 13-891, 2013 WL 12474377 (C.D. Cal. June 18, 2013) ...........................17

*Rosales v. El Rancho Farms,*
    No. 00707, 2012 WL 292977 (E.D. Cal. Jan. 31, 2012)..................................18

*Sarmiento v. Sealy, Inc.,*
    No. 18 -01990, 2020 WL 4458915 (N.D. Cal. May 27, 2020)........................18

*Savea v. YRC Inc.,*
    34 Cal. App. 5th 173 (Ct. App. 2019) ......................................................20, 22

*Silva v. AvalonBay Communities, Inc.,*
    No. 1504157, 2015 WL 11422302 (C.D. Cal. Oct. 8, 2015)...........................23

Mitchell
Silberberg &
Knupp LLP

14038343.9

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

1

**TABLE OF AUTHORITIES**
(continued)

2

3

**Page(s)**

*Sonner v. Premier Nutrition Corp.,*
    971 F.3d 834 (9th Cir. 2020) ...............................................................28

*Soratorio v. Tesoro Refin. and Mktg. Co., LLC,*
    No. 17-1554, 2017 WL 1520416 (C.D. Cal. Apr. 26, 2017) ...........................27

*Spokeo, Inc. v. Robins,*
    136 S. Ct. 1540 (2016) ......................................................................18

*Stafford v. Brink's, Inc.,*
    No. 141352, 2014 WL 12586066 (C.D. Cal. Aug. 5, 2014) .........................23

*Tan v. GrubHub, Inc.,*
    171 F. Supp. 3d 998 (N.D. Cal. 2016) .................................................27

*Tennison v. Hub Grp. Trucking, Inc.,*
    No. 2005076, 2020 WL 7714702 (C.D. Cal. Dec. 28, 2020).....................23, 28

*United States v. Corinthian Colleges,*
    655 F.3d 984 (9th Cir. 2011) .............................................................21

*Vess v. Bank of Am., N.A.,*
    No. 10-920, 2012 WL 113748 (S.D. Cal. Jan. 13, 2012)..............................16

*Villalpando v. Exel Direct Inc.,*
    No. 12-04137, 2015 WL 5179486 (N.D. Cal. Sept. 3, 2015) ........................23

*Wood v. N. Am. Van Lines, Inc.,*
    No. 02092, 2021 WL 3134203 (C.D. Cal. July 23, 2021) ............................24

*York v. Starbucks Corp.,*
    No. 08-07919, 2009 WL 8617536 (C.D. Cal. Dec. 3, 2009) .........................21

**STATUTES**

26 U.S. Code
    § 3512 ...........................................................................................20

Cal. Labor Code
    § 203 ...........................................................................................23

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

14038343.9

11

1

# TABLE OF AUTHORITIES
<u>(continued)</u>

2

3

<u>Page(s)</u>

§ 226 ...............................................................................12, 17, 18, 20, 21, 22, 23

§ 226(a) ....................................................................................................17, 20

§ 226(a)(6) ......................................................................................................23

§ 226(a)(8) ................................................................................................20, 22

§ 226(e) ......................................................................................................22, 29

§ 226(e)(2)(B) ................................................................................................17

§ 226(e)(2)(C) .........................................................................................17, 22

§ 226.7(c) ................................................................................................23, 29

§1194.2 ..........................................................................................................29

4

5

6

7

8

9

10

## OTHER AUTHORITIES

11

Fed. R. Civ. Proc.

Rule 8(a) ........................................................................................................23

Rule 12(b)(6) ..........................................................................................12, 15

Rule 12(f) ................................................................................................13, 16

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

14038343.9

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

## MEMORANDUM AND POINTS OF AUTHORITIES

## I.    INTRODUCTION

After allegedly working on Defendant's television productions for just a few days,[1] Plaintiff now brings this class action on behalf of *all* employees of Defendant, even those who worked on Defendant's many different productions, in different positions, under different conditions, as well as employees who do not even work on television productions, such as corporate office, custodial, mailroom, part-time studio tour, and culinary employees.  As part of his vast over-reach, Plaintiff alleges numerous wage and hour claims but fails to allege that he *personally* was subject to and injured by the alleged violations and otherwise fails to allege any facts that would allow his case to proceed past the pleadings stage. Before this unwarranted enterprise-wide litigation is allowed to proceed further, the Court should dismiss Plaintiff's second, third, fourth, and seventh causes of action because he fails to allege sufficient facts to state a claim upon which relief can be granted (Federal Rule of Civil Procedure Rule 12(b)(6)), as follows:

Plaintiff's wage statement claim (second cause of action) under Labor Code Section 226 fails because he has not suffered any concrete injury from the alleged violation and thus lacks Article III standing.[2] Moreover, the wage statements at issue are obviously compliant, and he fails to plead that a reasonable person could not determine the necessary information from the wage statement, as required. Finally, his claim is based on a hyper-technical reading of Section 226 so he cannot establish any "willful" violation as required to state a claim under Section 226.

---

[1] Plaintiff has sued WB Studio Enterprises Inc. ("WBSE") and Warner Bros. Television ("WBTV"). However, there is only one proper defendant because WBTV is a fictitious business name for WBSE.  *See* FN 4, below and Request for Judicial Notice ("RJN"), Ex. A.

[2] Citations to the "Labor Code" or "Section" are to sections of the California Labor Code unless otherwise specified.

Mitchell Silberberg & Knupp LLP
14038343.9

1   Plaintiff's rest break claim (third cause of action) fails because he does not
2   allege a specific instance in which Defendant failed to provide him a rest break or
3   failed to pay him a rest break premium.  His conclusory allegations are insufficient
4   under the *Iqbal*/*Twombly* standard.

5   Plaintiff's failure to pay minimum wage claim (fourth cause of action) fails
6   because he does not plead facts showing that he was entitled to but not paid
7   minimum wages in a workweek.

8   Plaintiff's unfair competition claim (seventh cause of action) fails because
9   Plaintiff fails to allege that he does not have an adequate remedy at law for
10  Defendant's alleged unfair business practice.

11  Finally, Plaintiff's allegations relating to meal periods should be stricken
12  under Federal Rule of Civil Procedure Rule 12(f), as they are impertinent and
13  immaterial to this action given that Plaintiff has not brought a cause of action for
14  missed meal periods.

15  **II.   KEY ALLEGATIONS**

16  **A.   Plaintiff's Employment/Proposed Classes**

17  Plaintiff alleges that he worked for Defendant for just two days, on
18  November 11, 2020 and December 11, 2020, on two television productions: "The
19  Kominsky Method" and "Lucifer."  Complaint.  ¶ 9.[3]  Despite his limited
20  experience, Plaintiff remarkably seeks to represent every employee across all of
21  Defendant's operations, regardless of their position or experiences.  He brings a
22  collective action under the Fair Labor Standards Act to represent all nonexempt
23  employees who worked for Defendant WB Studio Enterprises Inc. during the
24  relevant time period.  *Id.* ¶ 32.  Additionally, he seeks to bring a class action on
25  behalf of three putative classes during different defined time periods: 1) a "17200

26  ――――――――――
[3] In his Complaint, Plaintiff does not allege his position while working for
27  Defendant.  To provide context for the Court, he worked as a security officer on
    location shoots for Defendant's television shows.

Mitchell
Silberberg &
Knupp LLP
14038343.9

28

14

Class" composed of "all persons paid wages on account of services provided for Defendants in the production of Motion Pictures"; 2) a "226 Class" composed of "all persons paid wages on account of services provided for Defendants in the production of Motion Pictures"; and 3) a "Code Class" of "all persons who were not provided proper meal breaks by Defendants in the production of Motion Pictures." *Id.* ¶ 38.

### B.   Plaintiff's Claims

Plaintiff brings a host of wage and hour claims against Defendant, including failure to pay all wages owed upon separation, noncompliant wage statements, failure to provide rest breaks, failure to pay minimum wage, failure to provide employment and personnel records, unfair competition, and violation of the Federal Labor Standards Act.  At issue in the instant Motion are the following:

### 1.  Wage Statement Claim (Cause Of Action 2)

Plaintiff alleges that the wage statements that he and the purported class members received did not contain 1) the requisite name and address of the legal entity that is the employer and 2) all applicable rates of pay.  Complaint ¶ 53. Plaintiff argues the "paystubs include the name 'Warner Bros. Television,' an unknown business entity (identified only as the 'Controlling Employer') and the name B-T-L Payroll (identified only as the 'Payroll Employer')." *Id.* ¶ 40. Plaintiff did not plead any concrete injury due to these alleged deficiencies.

### 2.  Rest Period Claim (Cause Of Action 3)

Plaintiff alleges that he and the purported class members were not provided proper rest periods because they were required to keep walkie talkies or radios on their persons during their breaks and/or were precluded from leaving the set during the breaks.  *Id.* ¶ 9, 14, 58.  Plaintiff did not identify a specific instance in which Defendant failed to provide him a rest break or failed to pay a rest break premium.

Mitchell
Silberberg &
Knupp LLP
14038343.9

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

### 3.  Failure to Pay Minimum Wage Claim (Cause Of Action 4)

Plaintiff alleges that he and the purported class members were not paid minimum wages for the work they performed.  *Id.* ¶ 62.  Plaintiff did not identify a week when he was entitled to but not paid minimum wages.

### 4.  Unfair Competition Claim (Cause Of Action 7)

Plaintiff alleges that by failing to timely pay all wages due, Defendant committed an unfair business practice.  *Id.* ¶ 73.  Plaintiff did not allege that there is no adequate remedy at law for this alleged unfair business practice.

### 5.   Meal Break Allegations

Plaintiff makes allegations regarding missed meal breaks (*e.g.*, *id.* ¶ 25), but does not allege he missed a meal (nor could he; *see* footnote 11) and does not allege a cause of action for missed meal breaks.

## III.   STANDARD OF REVIEW

### A.   Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).

To survive dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6).  A court may dismiss claims based on the lack of a cognizable legal theory or the absence of sufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The plaintiff's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citation omitted).  The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level.  *See id.*  Mere conclusory allegations may be disregarded, and the court is not bound to accept as true allegations that are legal conclusions, even if phrased in the form of factual allegations.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937,

Mitchell
Silberberg &
Knupp LLP
14038343.9

1    1951 (2009).

2          If Plaintiff's allegations, even if taken as true, are legally insufficient to state

3    a claim, dismissal is proper.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Allis–*

4    *Chalmers Corp. v. Lueck,* 471 U.S. 202, 220 (1985).  And where it is clear the

5    pleading defects cannot be cured through amendment, dismissal with prejudice is

6    appropriate.  *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir.

7    2002) ("[a] district court [] does not abuse its discretion in denying leave to amend

8    where amendment would be futile").

9          **B.    Motion to Strike Under Federal Rule of Civil Procedure 12(f).**

10          Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike

11   any immaterial or impertinent allegations in a complaint with no effect on the

12   controversy.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993),

13   *overruled on other grounds*, 510 U.S. 517 (1994).  The purpose of such a motion is

14   "to avoid the expenditure of time and money . . . litigating spurious issues." *Id*.

15   (quoting *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983).

16   Under Rule 12(f), "[i]mmaterial matter is that which has no essential or important

17   relationship to the claim for relief or the defenses being pleaded," while

18   "[i]mpertinent matter consists of statements that do not pertain, and are not

19   necessary, to the issues in question." *Fantasy*, 984 F.2d at 1527 (quotation marks

20   and citation omitted); *Lyons v. Bank of Am., NA*, No. 11-1232, 2011 WL 6303390,

21   at *7 (N.D. Cal. Dec. 16, 2011). "The decision whether to grant a motion to strike

22   is within the broad discretion of the district court."  *Vess v. Bank of Am., N.A.*, No.

23   10-920, 2012 WL 113748, at *12 (S.D. Cal. Jan. 13, 2012).

24

25

26

27

28

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF
PLAINTIFF'S COMPLAINT**

IV.   **ARGUMENT**

A.   **Plaintiff's Wage Statement Claim Fails To State A Claim (Second Cause Of Action)**

California Labor Code Section 226(a) requires that wage statements include, among other items, (1) "the name and address of the legal entity that is the employer"; and (2) all applicable rates of pay.  To state a claim under Section 226, a Plaintiff must show: he has standing based on a concrete injury, the required information is not present, the information is also not readily apparent, and failure to provide such information was willful.  *See Rodriguez v. Old Dominion Freight Line, Inc.,* No. 13-891, 2013 WL 12474377, at *6 (C.D. Cal. June 18, 2013); § 226(e)(2)(B), (C).

Plaintiff argues that the paystubs he received are not compliant because "he was not provided with the legal name and address of the employer but, rather, the name 'Warner Bros. Television,' an unknown business entity (identified only as the 'Controlling Employer') and the name B-T-L Payroll (identified only as the 'Payroll Employer')." Complaint ¶ 40.  He also alleges that the wage statements did not include all applicable rates of pay.  *Id.* ¶ 53.

This claim fails because Plaintiff was not injured (and thus lacks standing) and the paystubs are compliant.  Further, even if that were not the case, Plaintiff has failed to plead or show that the required information is not readily apparent and that any failure to provide required information was willful, both of which defeat his claim as a matter of law.

### 1.   Plaintiff Was Not Injured and Lacks Standing

Aside from the fact that the wage statements are compliant with the law (discussed below), Plaintiff's claim under Section 226 fails at the outset because he does not plead sufficient facts to allege a cognizable injury under Section 226. Plaintiff must have Article III standing to bring his claims, and he has the burden

of proof on the issue of standing.  *Rosales v. El Rancho Farms*, No. 00707, 2012 WL 292977, at *9 (E.D. Cal. Jan. 31, 2012).  To meet the "irreducible constitutional minimum" of standing, a plaintiff must have (1) suffered an "injury in fact," (2) that is "fairly traceable" to the challenged conduct, and (3) will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  To show an injury in fact, the plaintiff "must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130).  For an injury to be concrete, it "must actually exist."  *Id.*  Standing must "persist throughout all stages of [the] litigation."  *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013).  In a putative class action lawsuit, it is not enough to allege that the class members have been injured – named plaintiffs "must show that *they personally have been injured.*"  *Lewis v. Casey*, 518 U.S. 343, 344 (1996) (emphasis added); *see also Pence v. Andrus*, 586 F.2d 733, 736–37 (9th Cir. 1978) ("[I]n class actions, the named representatives 'must allege and show that they personally have been injured.'").

This "concrete injury" requirement applies to Section 226 claims; a technical violation is not sufficient to grant standing in federal court.  *E.g., Mays v. Wal-Mart Stores, Inc.*, 804 F. App'x 641, 643 (9th Cir. 2020) (finding that the plaintiff failed to establish a concrete injury from an alleged violation of Section 226 where the plaintiff did "not allege any real-world consequences flowing, or even potentially flowing, from the violation"); *see also Sarmiento v. Sealy, Inc.*, No. 18-01990, 2020 WL 4458915, at *6 (N.D. Cal. May 27, 2020) (same).

Here, Plaintiff fails to allege he suffered any real world injury from the alleged paystub deficiency.  Accordingly, his claim fails as a matter of law.

Mitchell
Silberberg &
Knupp LLP
14038343.9

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF
PLAINTIFF'S COMPLAINT

1

### 2.    The Paystub Complies With Section 226's Requirement

Second, the paystub clearly identifies the legal entity that is the employer by stating: "Controlling Employer: Warner Bros. Television, 300 Television Plaza, Building 137, Room 209A, Burbank, CA 9155-1402."

Plaintiff appears to claim some violation based on the fact that the paystub also identified the payroll company, B-T-L.  However, B-T-L is identified separately as the "Payroll Employer."

By listing both the Controlling Employer and Payroll Employer, plaintiff's paystubs reflect the common and permissible reality in the television production industry in which employees may have two employers: a common law controlling employer (typically the company producing the television show) and the "statutory" employer (often the payroll company hired by the production company to issue paychecks, tax statements, and provide workers' compensation coverage for the transitory workforces that move between multiple production companies). *See, e.g.*, *Angelotti v. The Walt Disney Co.*, 192 Cal. App. 4th 1394, 1399, 1403 (2011) (explaining a production employee may have two employers for purposes of workers' compensation and payroll company may be "employer of record"); *see also Mattei v. Corp. Mgmt. Sols., Inc.*, 52 Cal. App. 5th 116, 121 n.5 (2020) (common for payroll company to be listed as "employer of record").

Employees are thus employed by the "Controlling Employer" but must also look to the "Payroll Employer" for issues related to workplace injuries, as well as taxes, and for that reason it is entirely reasonable to identify both the controlling employer (Warner Bros. Television) and the payroll company (B-T-L) on the paystub.  No matter which "employer" should be listed, it is clear that the "legal entity that is the employer" has been listed, as required.[4]

---

[4] Indeed, the Internal Revenue Service specifically authorizes motion picture payroll services providers such as B-T-L to collect and pay taxes for payments made to production employees on behalf of the common law employers on their

(…continued)

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

1          Moreover, Section 226(a) requires only that the paystubs include a

2    "statement in writing showing" the employer's name and address.  The California

3    Court of Appeal has construed that language based on its plain dictionary meaning

4    as "to cause or permit to be seen," "to offer for inspection," or "to make evident or

5    apparent: serve as the means to reveal or make visible."  *Morgan v. United Retail*

6    *Inc.*, 186 Cal. App. 4th 1136, 1146 (2010).  Here, listing the employer's name and

7    address on the paystub makes the information available to the employee, which

8    complies with Section 226.  Plaintiff's attempt to rewrite Section 226(a)(8) to say

9    the paystub must show "the name and address of the legal entity that is the

10   [*controlling*] employer [*and nothing else*]" should be rejected because the

11   Legislature would have included that prohibition if it had wanted to do so.  *See*

12   *Savea v. YRC Inc.,* 34 Cal. App. 5th 173, 179-180 (Ct. App. 2019).

13         To the extent this claim is based on reference to Warner Bros. Television,

14   which Plaintiff claims is an "unknown" entity, the claim fails.  Warner Bros.

15   Television is a registered fictitious business name or "doing business as" ("DBA")

16   of Defendant WB Studio Enterprises Inc.  *See* RJN Ex. A (Fictitious Business

17   Name Statement filed by WB Studio Enterprises Inc.).[5] It is well established that

18   listing a DBA on a paystub satisfies Section 226's employer name requirement.

19   *Savea,* 34 Cal. App. 5th at 179 (listing DBA satisfies Section 226's requirement;

20   _____

     (…continued)

21   own federal Employer Identification Number.  *See* 26 U.S. Code § 3512.  Here, B-
     T-L is the employer of record that employees must contact if they have workers

22   compensation injuries or wish to apply for unemployment insurance or state
     disability insurance.  Employees need to have the employer of record's information

23   to obtain those benefits, since they are reported to state and federal tax agencies,
     such as California's Employment Development Department, under B-T-L's federal

24   Employer Identification Number.

25   [5] The Court may take judicial notice of the publicly filed Fictitious Business Name
     Statement.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 750, 746 n.6 (9th

26   Cir. 2006) (a court "may take judicial notice of court filings and other matters of
     public record"); *see also Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir.

27   2012) (internal citation omitted) ("We may take judicial notice of undisputed
     matters of public record . . .").

28

1   collecting cases); *Noori v. Countrywide Payroll & HR Sols., Inc.*, 43 Cal. App. 5th

2   957, 965 (2019) ("Similarly, fictitious business names can satisfy the statute."

3   (citing *Savea*)); *Allchin v. Volume Servs., Inc.*, No. 3:16-00488, 2017 WL 3337141,

4   at *9 (S.D. Cal. Aug. 4, 2017) (explaining why courts have refused to find a per se

5   violation if an employer uses a DBA name); *York v. Starbucks Corp.*, No. 08-

6   07919, 2009 WL 8617536, at *8 (C.D. Cal. Dec. 3, 2009) (finding no violation of

7   Section 226 where defendant used its DBA name).

8        With regard to Plaintiff's allegation that rates of pay are not listed, Plaintiff

9   fails to plead *any facts whatsoever* in support of his allegation that the wage

10  statements do not contain "all applicable rates of pay."  Thus, this allegation

11  clearly fails under the *Iqbal/Twombly* standard.  *Twombly*, 550 U.S. at 570 (a

12  complaint must allege "enough facts to state a claim to relief that is plausible on its

13  face").  Moreover, as demonstrated on Plaintiff's paystub, the paystub clearly

14  indicates the applicable rates of pay, *e.g.*:[6]



[6] *See* RJN, Ex. B at 5, 7 (paystubs dated December 10, 2020 and January 27, 2021).
The Court may take judicial notice of the paystubs.  *United States v. Corinthian
Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (a court may take judicial notice of
documents not physically attached to the complaint when they are referred to in the
complaint, are central to the plaintiff's claim, and no party questions their
authenticity).

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF
PLAINTIFF'S COMPLAINT**

### 3.      The Information Is Readily Ascertainable

Third, an employee cannot recover penalties unless the information is missing and "a reasonable person" would not "be able to readily ascertain the information without reference to other documents or information."  § 226(e)(2), (C).  In this case, any reasonable employee would understand that Warner Bros. Television was the employer and B-T-L Payroll was the payroll provider based on their obvious labels and the fact that WARNER BROS. TELEVISION is much more prominently displayed (see above).  There is no allegation, nor could there be, that Plaintiff could not "readily ascertain" the name of the employer under these circumstances.[7]  Nor could any reasonable employee fail to ascertain the rates of pay, which are listed directly on the pay stub.

### 4.      Defendant's Good Faith Argument Defeats This Claim

Fourth, Plaintiff cannot recover for violations of Section 226 because any violation must be knowing and intentional.  § 226(e).  Plaintiff failed to allege that that Defendant knowingly and intentionally omitted any required information.

Even if he had made such allegation, those allegations would be meritless because the information is readily apparent, and Defendant's good faith legal arguments mean there cannot have been any knowing and willful violation.  *See Magadia v. Wal-Mart Assocs., Inc.*, 384 F. Supp. 3d 1058, 1082-83, 1088-89 (N.D. Cal. 2019), *rev'd in part, vacated in part,* 999 F.3d 668 (9th Cir. 2021) ("[T]he Court adopts the majority of courts' view that an employer's good faith belief that

---

[7] One of the purposes of Section 226(a)(8) is to help employees identify their employers in the case of grievances. *See Savea*, 34 Cal. App. 5th at 180 (citations and internal quotations omitted) ("the legislative history shows . . . that the Legislature ... require[d] a name and address ... because it would be 'useful when grievances arise out of wages . . .'").  Demonstrating that purpose was served, Plaintiff requested his payroll and employment records from Defendant. *See* Complaint ¶¶ 66, 70 (alleging that Plaintiff "requested that Defendants permit inspection or copying of" his employment and personnel records).  Plaintiff apparently did not contact B-T-L Payroll, because he obviously knew Warner Bros. Television was the employer.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

Mitchell Silberberg & Knupp LLP
14038343.9

it is not violating § 226 precludes a finding of a knowing and intentional

violation," and holding that violation of § 226(a)(6) was not knowing or intentional

due to uncertainty in the law); *see also Amaral v. Cintas Corp. No. 2*, 163 Cal.

App. 4th 1157, 1195-96, 1201 (2008)  (holding that legal uncertainty precluded

application of penalties under Sections 226, 203, and other Labor Code provisions

requiring willful violations); *Stafford v. Brink's, Inc.*, No. 141352, 2014 WL

12586066, at *5-6 (C.D. Cal. Aug. 5, 2014) (the defendant's good faith dispute

about what was required by Section 226(a)(6) prevented finding that violation was

knowing or intentional even though another district court had previously rejected

the defendant's position); *Villalpando v. Exel Direct Inc.*, No. 12-04137, 2015 WL

5179486, at *36 (N.D. Cal. Sept. 3, 2015) ("California and federal district courts

have held that this [good-faith] defense applies not only to section 203 claims but

also claims under Cal. Labor Code Sections 226 and 1174.").

    For all these reasons, Plaintiff's second cause of action should be dismissed.

**B.    Plaintiff's Rest Break Claim Fails To State A Claim (Third Cause Of Action)**

    California employees are entitled to rest breaks and are entitled to a penalty

if not provided a break.  § 226.7(c).  Violation of that requirement must be plead

with specificity and conclusory wage and hour allegations are not sufficient to

meet FRCP 8(a)'s standard requiring a plausible, short statement showing

entitlement to relief.  *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644–45

(9th Cir. 2014); *Tennison v. Hub Grp. Trucking, Inc.*, No. 2005076, 2020 WL

7714702, at *10 (C.D. Cal. Dec. 28, 2020); *Silva v. AvalonBay Communities, Inc.*,

No. 1504157, 2015 WL 11422302, at *8 (C.D. Cal. Oct. 8, 2015).  Conclusory

allegations that breaks were denied are insufficient.  *See, e.g., de Dios v. Gerard

Roof Prod., LLC*, No. 1163, 2018 WL 6016952, at *4 (C.D. Cal. Sept. 4, 2018)

(dismissing break claim alleging plaintiff and others "would frequently work

Mitchell Silberberg & Knupp LLP
14038343.9

1    through their lunches to complete an order" and did not receive rest breaks

2    "because they were required to work through their daily rest periods and/or they

3    were not authorized to take their rest breaks"); *Guerrero v. Halliburton Energy*

4    *Servs., Inc.*, 231 F. Supp. 3d 797, 806 (E.D. Cal. 2017) (dismissing meal and rest

5    break claims as "too vague and conclusory" where plaintiff alleged he felt

6    "pressured" not to take breaks because Defendants assigned "too much work").

7         Rather, to successfully state a rest break claim post-*Twombly* and *Iqbal*, a

8    plaintiff must identify a "specific instance in which Defendants failed to provide

9    him a . . . rest break or failed to pay him . . . rest break premiums." *See Johnson v.*

10   *Winco Foods, LLC*, No. 172288, 2018 WL 6017012, at *10 (C.D. Cal. Apr. 2,

11   2018) (dismissing meal and rest period claims for lack of factual detail); *see also*

12   *Boyack v. Regis Corp.*, 812 F. App'x 428, 431 (9th Cir. 2020) (affirming dismissal

13   of a rest break claim, holding that the plaintiff's allegations fell short of

14   the *Landers'* requirements by not "demonstrating at least one workweek in which

15   [the plaintiffs] were personally deprived of rest breaks").[8]

16        Here, Plaintiff's rest break claim does not meet these pleading standards.

17   The allegation that "Plaintiff was not provided proper rest and meal periods as

18   required" is plainly not sufficient to sustain the cause of action under the

19   *Iqbal/Twombly* standard.  Complaint ¶ 9.  The Complaint additionally claims that

20   breaks were denied because Plaintiff and others were "required to keep their

21   walkie talkies or radios on their persons, turned on and audible at all times,

22   including their rest periods and meal breaks and/or they were precluded from

23   leaving the set during their breaks" (*id.* ¶ 14), and "were required to be available

24

_____

25   [8] Although *Landers* discussed claims asserted under the FLSA, its reasoning also
     applies to claims asserted under the California Labor Code.  *See, e.g.*, *Wood v. N.*
26   *Am. Van Lines, Inc.*, No. 02092, 2021 WL 3134203, at *4 (C.D. Cal. July 23,
     2021) ("The pleading standards set forth in *Landers* apply equally to Plaintiffs'
27   [California] state overtime, minimum wage, meal period, and rest break
     allegations.").

28

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF
PLAINTIFF'S COMPLAINT**

1  via radio or cell phone at all times." *Id.* ¶ 58.  However, such allegations are too

2  conclusory to survive a federal motion to dismiss.

3      First, just because employees could not leave does not mean they were not

4  relieved of all duties, and thus this allegation does not meet the plausibility

5  standard.  *Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 270, 385 P.3d 823,

6  832 (2016) ("Because rest periods are 10 minutes in length (Wage Order 4, subd.

7  12(A)), they impose practical limitations on an employee's movement.  That is,

8  during a rest period an employee generally can travel at most five minutes from a

9  work post before returning to make it back on time.  Thus, one would expect that

10  employees will ordinarily have to remain on site or nearby.")  Federal district

11  courts regularly rely on the reasoning in *Augustus* to dismiss claims based on

12  similar allegations.  *See, e.g.*, *Bowen v. Target Corp.*, No. 162587, 2020 WL

13  1931278, at *7 (C.D. Cal. Jan. 24, 2020), *reconsideration denied*, No. 162587,

14  2020 WL 3628757 (C.D. Cal. Mar. 27, 2020) (citation and internal quotations

15  omitted) (dismissing plaintiffs' on-premises rest period claim for failure to allege

16  facts to state a viable claim, finding that "[a]lthough Plaintiffs allege that Target's

17  rest period policy prohibited employees from leaving the property, *Augustus* is

18  explicit that a policy that prohibits employees from leaving the property during rest

19  periods — without more — is not sufficient to establish employer control.");

20  *Parrish v. Okonite Co., Inc.*, No. 20-9000, 2021 WL 5605202, at *2 (C.D. Cal.

21  Nov. 1, 2021) (granting motion for summary judgment on rest break claim, holding

22  that under *Augustus,* "even if Defendant had a policy that required employees to

23  stay on-site during their rest periods, that policy, without some other indicia of

24  control, does not violate California law.").

25      Second, simply carrying a radio, without more, also does not plausibly mean

26  a rest break was denied.  In *Augustus*, for example, the defendant expressly

27  required plaintiffs while they were on break to "remain vigilant, and respond when

28

Mitchell
Silberberg &
Knupp LLP
14038343.9

26

1  needs arose, such as escorting tenants to parking lots, notifying building managers

2  of mechanical problems, and responding to emergency situations." *Augustus*, 2

3  Cal. 5th at 261.  Here, there is no similar allegation.[9]

4          Further, the California Division of Labor Standards Enforcement's opinion

5  is that "the simple requirement that the employee wear a beeper and respond to

6  calls, without more, is not so inherently intrusive as to require a finding that the

7  employee is subject to the employer's control so as to require the employee be paid

8  for all hours the beeper is worn."  DLSE Opn. Letter No. 1998.12.28 (Dec. 28,

9  1998) p. 4.

10          The reasoning above was followed recently by a decision in this District in a

11  case presenting similar allegations that employees had communication devices

12  with them, which was subsequently affirmed by the Ninth Circuit.  *See Cole v.*

13  *CRST, Inc.*, No. 081570, 2017 WL 1234215, at *4 (C.D. Cal. Mar. 30, 2017), *aff'd*

14  *sub nom. Cole v. CRST Van Expedited, Inc.*, 842 F. App'x 162 (9th Cir. 2021).

15  Summary adjudication was granted on the "on call" meal and rest break claim

16  because there was no evidence that the plaintiff was "required to respond to

17  communications from Defendant during his breaks or that he would have to

18  discontinue a break to perform work at Defendant's instruction."  Here, Plaintiff's

19  Complaint similarly fails to allege that Plaintiff was required to respond to

20  communications during breaks or was required to discontinue breaks to perform

21  work.

22          In sum, Plaintiff's conclusory claims, "without factual allegations about

23  Plaintiff['s] specific experiences . . . are merely 'conceivable,' not 'plausible.'"

24  _____

25  [9] Nor could Plaintiff make such an allegation, since this is contrary to Defendant's
California Time and Attendance Policy for TV Production (which states that
26  employees may turn off any walkie talkie, phone, or other mobile device during
breaks), which Plaintiff signed on November 12, 2020.  In contrast, in *Augustus*,
27  the defendant's policy required plaintiffs to keep radios and pagers on during rest
periods and to remain vigilant.

28

1    *Soratorio v. Tesoro Refin. and Mktg. Co., LLC,* No. 17-1554, 2017 WL 1520416,

2    at \*6 (C.D. Cal. Apr. 26, 2017); *see also Freeman v. Zillow, Inc.*, No. 14-01843,

3    2015 WL 5179511, at \*5 (C.D. Cal. Mar. 19, 2015) (dismissing meal period claim

4    because the plaintiff's allegations did not meet the standard set forth in *Landers*:

5    "nowhere does Plaintiff allege at least one meal or rest break where he worked

6    through the break and was not paid for that time").  Thus, Plaintiff's third cause of

7    action should be dismissed.

8        **C.    Plaintiff's Minimum Wage Claim Fails To State A Claim (Fourth**

9            **Cause Of Action)**

10           In order to state a claim for unpaid minimum wages that survives a motion

11   to dismiss, Plaintiff must allege *specific facts* "showing that there was a given

12   week in which he was entitled to but denied minimum wages . . . ."  *Landers*, 771

13   F.3d at 645.  There are no such allegations in the Complaint.  Here, Plaintiff

14   alleges that he worked on Wednesday, November 11, 2020, and December 11,

15   2020, but he has not alleged how many hours he worked on each day.  Complaint ¶

16   9.  Plaintiff also alleges that he and the "Aggrieved Employees worked on the

17   Production as well as on other California motion picture projects, toiling more than

18   eight hours in a single day and over forty hours in a work week." *Id.* ¶ 16.[10]

19   However, a plaintiff must allege more than "conclusory allegations that merely

20   recite the statutory language." *Landers*, 771 F.3d at 644.  That is, "mere

21   conclusory allegations that class members 'regularly' or 'regularly and

22   consistently' worked more than 40 hours per week—without any further detail—

23   fall short of *Twombly/Iqbal*." *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1007

24   (N.D. Cal. 2016) (internal citations and quotations omitted).  Indeed, Plaintiff's

25   allegation that he worked over 40 hours in a week is implausible since Plaintiff's

---

[10] As Plaintiff's lawsuit does not seek civil penalties under the Private Attorneys General Act, this reference to "Aggrieved Employees" appears to have been made in error.

Mitchell
Silberberg &
Knupp LLP
14038343.9

28

Complaint discusses only two days of work, several weeks apart (Complaint ¶ 9), making his allegation mathematically impossible.

Plaintiff further alleges that he "worked many hours for Defendants, without compensation for work performed." Complaint ¶ 62. Again, this vague allegation is insufficient and does not make Plaintiff's claim plausible under *Twombly* and *Iqbal*. *See Metcalf v. Yusen Logistics (Americas), Inc.*, No. 21-5912, 2021 WL 3882959, at *8 (C.D. Cal. Aug. 30, 2021) (granting motion to dismiss plaintiff's minimum wage claim for failure to plead sufficient facts to state a claim). Notably, Plaintiff does not even mention his earnings for any given period of work in his Complaint, providing no context as to whether or how he could have earned less than the minimum wage while he worked for Defendant. Without this information, there is no factual basis for the Court to conclude that his claim is plausible. Because Plaintiff's general allegations are not sufficient to sustain this cause of action, his claim should be dismissed.

**D.     Plaintiff's Claim For Restitution Under Unfair Business Practices Business And Professions Code Section 17200 Fails To State A Claim (Seventh Cause Of Action)**

California's Unfair Competition Law ("UCL") provides only equitable remedies. *Mish v. TForce Freight, Inc.*, No. 21-04094, 2021 WL 4592124, at *5 (N.D. Cal. Oct. 6, 2021) (citing *Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cty.*, 9 Cal.5th 279, 292, (2020)) (concluding that the "causes of action established by the UCL" are "equitable in nature"). To state a claim for restitution under California's Unfair Competition Law ("UCL"), the Plaintiff "must establish that []he lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL . . . ." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (citing *Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996); *see also Tennison*, 2020 WL 7714702, at *12 (same). Here, Plaintiff has an

Mitchell
Silberberg &
Knupp LLP
14038343.9

29

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF
PLAINTIFF'S COMPLAINT**

1  adequate remedy at law (*see* §226(e) (damages for wage statement violations); §

2  226.7(c) (penalties for missed rest breaks); §1194.2 (liquidated damages for unpaid

3  minimum wages) and has failed to allege otherwise in his Complaint.  Thus, his

4  claim must be dismissed.  *See Mish*, 2021 WL 4592124, at *7 (dismissing

5  plaintiff's UCL claim based on underlying alleged Labor Code violations because

6  she did not sufficiently allege an inadequate legal remedy).

7       **E.**    **<u>Plaintiff's References To Meal Periods Should Be Stricken</u>**

8       In his Complaint, Plaintiff makes allegations about missed meal periods,

9  cites various statutory provisions regarding meal periods, and seeks to represent a

10 "Code Class" of people who allegedly were not provided proper meal breaks.  *See,*

11 *e.g.*, Complaint ¶¶ 9, 14, 17, 24, 25, 38, 42, 46.  However, he has not alleged a

12 cause of action for missed meal breaks.  Thus, the allegations related to meal

13 periods are irrelevant to this case and should be stricken as immaterial and

14 impertinent.  *See Fantasy, Inc.*, 984 F.2d at 1527.[11]

15 **V.**    **CONCLUSION**

16      Based on the foregoing, Defendant respectfully request that the Court

17 dismiss with prejudice the second, third, fourth, and seventh causes of action in

18 Plaintiff's Complaint for failure to allege sufficient facts to state a claim.

19 Furthermore, because Plaintiff has included immaterial and impertinent allegations

20 about meal periods in his Complaint, Defendant respectfully requests that this

21 Court grant its motion to strike.

22

23

---

24 [11] Even if Plaintiff did bring a cause of action for missed meal breaks, his pay stubs
25 clearly indicate that *he received a meal penalty on both of the work days alleged in the Complaint*: November 11, 2020 and December 11, 2020.  *See* RJN, Ex. B at 5,
26 7.  Thus, Plaintiff's claim would fail for the simple reason that he received the remedy for the alleged violation—he was not "injured" and consequently does not
27 have standing to bring the claim anyway. *Lewis*, 518 U.S. at 344; *Pence,* 586 F.2d at 736–37.

28

Mitchell
Silberberg &
Knupp LLP
14038343.9

1

DATED:  April 15, 2022

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MITCHELL SILBERBERG & KNUPP LLP
SETH E. PIERCE
STEPHEN A. ROSSI


By: _____
Stephen A. Rossi
Attorneys for Defendant
WB STUDIO ENTERPRISES IN

Mitchell
Silberberg &
Knupp LLP

14038343.9

31

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF
PLAINTIFF'S COMPLAINT**