| | |
|---|---|
| 1 | Alan Harris (SBN 146079) |
| 2 | David Garrett (SBN 160274) |
|   | Min Ji Gal (SBN 311963) |
| 3 | HARRIS & RUBLE |
|   | 655 North Central Avenue 17th Floor |
| 4 | Glendale California 91203 |
|   | Tel: 323.962.3777 |
| 5 | Fax: 323.962.3004 |
| 6 | Attorneys for Plaintiff Wilson |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. WILSON, individually and on behalf of all others similarly situated, | Case No: 2:21-cv-09632-SSS-KKx |
| | *Assigned to the Hon. Sunshine S. Sykes* |
| Plaintiff, | **PLAINTIFF'S NOTICE OF RELATED CASES** |
| v. | |
| WB STUDIO ENTERPRISES, INC., a Delaware Corporation, and DOE 1 through and including DOE 10, | [Local Rule 83-1.3.1] |
| | Complaint Filed: December 13, 2021 |
| Defendants. | |

PLAINTIFF'S NOTICE OF RELATED CASES [Local Rule 83-1.3.1]

TO THE COURT, THE PARTIES, AND THE PARTIES' ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that, pursuant to Central District of California Local Rule 83-1.3.1, Plaintiff Wilson, by and through his counsel of record, respectfully submits this Notice of Related Cases identifying Shinjo v. Radical Media, 2:22-cv-04738 (C.D. Cal.), as related to the above-captioned action.

## I.  Wilson and Shinjo are "Related," as that Term is Defined in Local Rule 83-1.3.1.

Local Rule 83-1.3.1 states that cases are related if they appear:

> (a) To arise from the same or a closely related transaction, happening or event;
>
> (b) To call for determination of the same or substantially related or similar questions of law and fact; or
>
> (c) for other reasons would entail substantial duplication of labor if heard by different judges;

C.D. Cal. Local Rule 83-1.3.1. Shinjo and this action are related in that they arise from the same or a closely related transaction, happening, or event; they call for a determination of the same or substantially related or similar questions of law and fact; and it would entail a substantial duplication of labor if they were heard by different judges.

The instant case, Wilson, was filed against Warner Brothers Television (WBT") as a putative class and collective action in the Central District of California on December 13, 2021. Although Shinjo has been brought against a different defendant, Radical Media, LLC ("RM"), it is proper to relate these cases as explained below.

WBT and RM (collectively "Defendants") have both been sued for failing to pay their crew on motion picture productions in a timely fashion. This failure to pay their employees led to them being named as co-defendants in two prior cases that were filed and settled as class actions in Los Angeles Superior Court, Greenberg v. EP Mgmt. Servs., LP, (Case No. BC237787) and Harrington v. Manpay, LLC, (Case No.

BC312171).

The Plaintiffs in the instant Wilson case and Shinjo allege that Defendants violated the California Labor Code, the Fair Labor Standards Act and California Business and Professions Code by failing to provide adequate rest breaks to employees, by failing to provide the requisite pay-stub data to employees, and by failing to pay all wages due in a timely fashion to those employees whose employment with Defendants has terminated.

The Plaintiffs in Wilson and Shinjo are off-duty/retired LAPD Officers who were hired by Defendants to provide on-set traffic and crowd control for motion picture productions. Both cases allege labor code violations based on similar factual and identical legal theories. For instance, in both cases, wage statement violations rely on the applicability of the recent California Supreme Court case, Naranjo v. Spectrum Security Services, 13 Cal. 5th 93 (2022), as the Plaintiffs allege they were not provided with the correct amount of gross and net wages earned, as wage statements must show premium wages for missed, tardy or truncated rest breaks and meal periods.

Wilson and Shinjo also allege violations under the FLSA based on Defendants' tardy payment of earned wages under the law articulated in Biggs v. Wilson, 1 F.3d 1537, 1541 (9th Cir. 1993), that when Plaintiffs ceased working for Defendants, they were not timely paid all wages accrued, including minimum wages or overtime. These violations give rise to a right for liquidated damages.

Wilson and Shinjo and allege break violations which rely on Augustus v. ABM Security Services, Inc., 2 Cal.5th 257 (2016), based on the Defendants' requirement that Plaintiffs were required to and did keep the walkie talkies issued to them by Defendants on their persons, turned on and audible at all times, including during "down time" and/or faux rest periods and meal breaks, intervals during which they were precluded from leaving the set.

Also applicable to both cases, motion picture producers secured an exemption from the California statutes requiring immediate payment of employees who have been laid

off. The revised statute permitted an additional twenty-four hours for payment of crew members when the production was concluded. Motion picture companies ignored this slight advantage, instead routinely paying laid off crew in the regular pay cycle, or later, often, as here, many weeks after the work had been completed. Litigation ensued, resulting in an industry-wide settlement of the Greenberg case, after which further legislative relief was secured, section 201.5 of the Code amended to permit payment of final wages "by the next regular payday." Code § 201.5(b). Again, Plaintiffs' late payment claims in Wilson and Shinjo are based on identical legal theories.

Finally, the payrolls for the putative Classes of crewmembers in both Wilson and Shinjo were processed by the same payroll company, Cast & Crew, LLC – an entity which correctly touts itself as one which provides the entertainment industry with Accounting, Financial, Payroll and Human Resources Services tailored to the needs of motion picture producers. (https://www.castandcrew.com/, last accessed July 11, 2022.) This is of particular significance, as the governing contracts and procedures between the Defendant production companies and the payroll company are doubtless identical insofar as they need be analyzed to determine issues ranging from manageability to substantive compliance with the mandatory requirements of Section 226(a) of the California Labor Code.

## II.   Conclusion

Shinjo and this matter each allege systematic denials of unpaid compensation, the late payment of wages to quitting and terminated employees, and defective wage statements. There would be a substantial duplication of labor if Shinjo and Wilson were heard by different judicial officers. Accordingly, Shinjo should be deemed related to this matter and also assigned to Honorable Sunshine Suzanne Sykes.

DATED: July 11, 2022                                          HARRIS & RUBLE

                                                              *Alan Harris*
                                                              Alan Harris
                                                              *Attorney for Plaintiff*